IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :     CIVIL ACTION
_____:
                               :
_____v._____        :
                               :
ELISEO A. GARCIA               :     NO. 07-cv-4856

MEMORANDUM AND ORDER

McLaughlin, J.                            November 30, 2007


        In this case, Eliseo Garcia, a prisoner in the Pine
Prairie Correctional Center in Pine Prairie, Louisiana has filed
a handwritten pro se petition in this Court seeking habeas relief
under 42 U.S.C. § 2255 and challenging his guilty plea for
harboring illegal immigrants and conspiracy entered before the
Honorable "P. Gorge Kazen" of the "Southwestern Division, Laredo
Texas."[1]  The petition contends the guilty plea was unlawfully
induced, not made voluntarily with understanding of the nature of
the charge and the consequences of the plea, and made without
effective assistance of counsel.  According to the petition, Mr.
Garcia's plea was entered July 13, 2006.

        As a § 2255 claim, Mr. Garcia's petition cannot be
heard in this Court.  The terms of the statute require that a
petition under § 2255 must be made before "the court which

_____

        [1]    This appears to be a misnomer for the Honorable George
P. Kazan of the United States District Court for the Southern
District of Texas, who sits in that court at Laredo.

imposed the sentence."  Here, Mr. Garcia's petition says he was
sentenced in the "Southwestern Division, Laredo Texas," which
this Court interprets as the United States District Court for the
Southern District of Texas.

Although this Court lacks jurisdiction over Mr.
Garcia's petition, the case may be able to be transferred to the
United States District Court for the Southern District of Texas
pursuant to 28 U.S.C. § 1631.  Section 1631 allows a federal
court to transfer a proceeding over which it lacks jurisdiction
to "any other such court in which the action or appeal could have
been brought at the time it was filed or noticed" if such
transfer is "in the interest of justice."

Here, the Court has no hesitation in finding that a
transfer would be in the interest of justice because it seems
likely that the pro se petitioner filed his petition in this
district, which has no connection to his case, through a mistake
or misunderstanding.

The one potential obstacle to a transfer under 28
U.S.C. § 1631 is the possibility that Mr. Garcia's petition may
be untimely.  "A motion by a federal prisoner for postconviction
relief under 28 U.S.C. § 2255 is subject to a one-year time
limitation that generally runs from 'the date on which the
judgment of conviction becomes final.'"  Clay v. U.S., 537 U.S.
522, 524 (2003).  Mr. Garcia filed his petition on November 19,

2

2007, but, according to his petition, the date of his judgment of conviction was July 13, 2006.  If Mr. Garcia's petition is untimely, then transfer to the United States District Court for the Southern District of Texas would not be warranted under 28 U.S.C. § 1631 because the Texas court would not be one "in which the action or appeal could have been brought at the time it was filed."

The date that a petitioner's judgment of conviction becomes final is not the only possible time from which to measure the one-year period for filing a § 2255 petition.  The one-year period may also run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  § 2255(4).  Here, the nature of the claims Mr. Garcia makes in his petition – denial of effective assistance of counsel and failure to understand the consequences of his plea – are such that the Court cannot determine from the face of the petition whether Mr. Garcia could establish that his claim is based on facts he discovered post-conviction.  The Court therefore cannot determine from the face of the petition that this claim is time-barred or that the District Court for the Southern District of Texas would lack jurisdiction over the case, had it been filed there.  Because that determination will require the development of additional facts, it seems both reasonable and "in the interests of justice" for that factual determination to

be made by the United States District Court for the Southern District of Texas rather than this Court.

This Court will therefore order this matter transferred to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1631.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :____CIVIL ACTION
_____:
_____v._____        :
                                   :
ELISEO A. GARCIA                   :    NO. 07-cv-4856

ORDER

            AND NOW, this 30th day of November, 2007, upon
consideration of the pro se plaintiff's motion to vacate, set
aside or correct sentence, filed under 28 U.S.C. § 2255, IT IS
HEREBY ORDERED that:


            1)   The petitioner is granted provisional leave to
proceed in forma pauperis in this matter for the purpose of this
Order only;


            2)   This civil action is to be transferred to the
United States District Court for the Southern District of Texas
pursuant to 28 U.S.C. § 1631; and


            3)   The Clerk of the United States District Court for
the Eastern District of Pennsylvania shall change the docket in
this matter to show that this case was filed as a § 2255

petition, not as a § 2241 petition, and shall mark this matter as
CLOSED in this Court for all purposes, including statistics.

                              BY THE COURT:


                              /s/ Mary A. McLaughlin
                              MARY A. McLAUGHLIN, J.